■ In the Matter of LaMonte J., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Palmer, J.), dated August 27, 1984, which, upon a fact-finding order dated August 17, 1984, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the third degree, placed him with the Division for Youth, Title III, for a period not to exceed 18 months. The appeal brings up for review the fact-finding order dated August 17, 1984 and the denial, after a hearing, of the appellant's motion to suppress physical evidence.

Order of disposition affirmed, without costs or disbursements.

The appellant's contention that the police did not have probable cause to arrest him is without merit. When coupled with the indications of criminal activity, flight from the police is an important factor in determining probable cause (see, People v Howard, 50 NY2d 583, 592, cert denied 449 US 1023).

The appellant's disposal of a gun during the chase by police was an abandonment of that property, and the police properly seized it. People v Howard (supra) does not hold to the contrary (see, e.g., People v Chapman, 103 AD2d 494). Therefore, the Family Court Judge properly denied the appellant's motion to suppress the gun.

With the gun properly admitted into evidence, a review of the record indicates that there was proof beyond a reasonable doubt that the appellant possessed a loaded gun. Thus, the Family Court Judge correctly concluded on the record at the fact-finding hearing that the appellant had committed an act which, if done by an adult, would have constituted a violation of Penal Law § 265.02 (4). Mangano, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.