Matter of LaMonte J. (2020 NY Slip Op 00130)





Matter of LaMonte J.


2020 NY Slip Op 00130


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2019-06508
 (Docket No. D-472-84)

[*1]In the Matter of LaMonte J. (Anonymous), appellant.


Warren S. Hecht, Forest Hills, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Claude S. Platton and Julia Bedell of counsel), for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, LaMonte J. appeals from an order of the Family Court, Kings County (Alan Beckoff, J.), dated May 2, 2019. The order denied LaMonte J.'s motion, in effect, pursuant to Family Court Act § 355.1 to vacate an order of disposition of the same court dated August 27, 1984, inter alia, adjudicating him a juvenile delinquent, and a fact-finding order of the same court dated August 17, 1984.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see Family Ct Act § 1112[a]); and it is further,
ORDERED that the order dated May 2, 2019, is affirmed, without costs or disbursements.
In 1984, upon the denial of the appellant's motion to suppress physical evidence, and after a fact-finding hearing, the Family Court issued a fact-finding order finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the third degree (see Matter of LaMonte J., 117 AD2d 807). The court thereafter issued an order of disposition, among other things, adjudicating the appellant a juvenile delinquent (see id.). In 2017, the appellant moved, in effect, pursuant to Family Court Act § 355.1 to vacate the order of disposition and the fact-finding order on the basis that newly discovered evidence showed that his motion to suppress the weapon should have been granted. The court denied the appellant's motion, without a hearing.
Pursuant to Family Court Act § 355.1(1), the court may vacate an order of disposition and a fact-finding order "[u]pon a showing of a substantial change of circumstances." Here, the appellant failed to make the requisite showing of a substantial change of circumstances (see Matter of Michael M., 165 AD3d 1145, 1147). In that respect, contrary to the appellant's contention, the newly discovered evidence did not tend to demonstrate that the building in which he was observed in possession of a gun lacked electricity at the time of his arrest, so as to render incredible a police officer's testimony that he saw a "shiny silver object" in the appellant's hand. Rather, the evidence merely demonstrated that a demolition permit was issued for the building 12 years before, and again approximately 8 months after, the appellant was observed in possession of a gun. Accordingly, we [*2]agree with the Family Court's determination to deny the appellant's motion to vacate (see id. at 1147).
DILLON, J.P., BALKIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court